# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| JAMES MORRIS JACKSON, | CASE NO. 01CV337 WQH |
|---|---|
| Petitioner, | ORDER |
| vs. | |
| HORNUNG, | |
| Respondent. | |

HAYES, Judge:

The matters before the Court are the following motions filed by Petitioner James Morris Jackson: (1) Motion to grant Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (ECF No. 44); (2) Motion for order of release (ECF No. 46); (3) Motion ordering the Department of Corrections to transport to the District Court (ECF No. 48); and (4) Motion granting Writ of Habeas Corpus (ECF No. 50).

## BACKGROUND FACTS

On February 26, 2001, Petitioner James Morris Jackson filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on the grounds that the state trial court imposed an illegal sentence enhancement, his guilty plea was involuntary, and he received ineffective assistance of counsel. (ECF No. 1).

On July 2, 2002, the United States Magistrate Judge filed a "Report and Recommendation Re: Denial of Petition for Writ of Habeas Corpus." (ECF No. 34). The Magistrate Judge reviewed the facts and the law and concluded that the trial court sentenced Jackson to seventeen years at his sentencing hearing and that the petition did

1 not present any grounds for review on federal habeas corpus.  The Magistrate Judge 2 liberally construed the petition to allege a constitutional violation but found that the 3 Petitioner had failed to show that his guilty plea was involuntary or that he received 4 ineffective assistance of counsel.

5 On August 9, 2002, Petitioner filed objections to the Report and 6 Recommendation.  (ECF No. 37).

7 On September 30, 2002, United States District Court Judge Napoleon Jones 8 adopted in part and modified in part the Report and Recommendation and denied the 9 petition for Habeas corpus.  (ECF No. 40).

10 On November 19, 2002, the Clerk of the Court entered a Judgment upon decision 11 by the Court. (ECF No. 41).

12 On July 5, 2013, Petitioner filed his motion to grant Petition for Writ of Habeas 13 Corpus under 28 U.S.C. § 2254. (ECF No. 44).  Petitioner contends that "his conviction 14 in San Diego Superior Court Case No. SCD136393 has been terminated in his favor." 15 Petitioner asks the Court to expunge his conviction and order his release under the 16 "favorable termination rule in Heck 512 U.S. at 487." *Id*.

17 On July 12, 2013, Petitioner filed his Motion for order of release. (ECF No. 46).

18 On July 30, 2013, Petitioner filed his motion ordering the Department of 19 Corrections to transport to the District Court (ECF No. 48), and  motion granting Writ 20 of Habeas Corpus (ECF No. 50).

21 On September 27, 2013, the Court of Appeals for the Ninth Circuit entered an 22 order stating that "[t]he application for authorization to file a second or successive 28 23 U.S.C. § 2254 habeas corpus petition in the district court is denied."  (ECF No. 53).

24 **RULING OF THE COURT**

25 In this case, Petitioner filed an initial Petition for Writ of  Habeas Corpus under 26 28 U.S.C. § 2254. (ECF No.1)  The Petition was denied on September 30, 2002. (ECF 27 No. 40).  The Antiterrorism and Effective Death Penalty Act of 1996 establishes a 28 stringent set of procedures that a prisoner "in custody pursuant to the judgment of a

1  State court," 28 U.S.C. § 2254(a), must follow if he wishes to file a "second or
2  successive" habeas corpus application challenging that custody, § 2244(b)(1). 28
3  U.S.C. § 2244(b)(3)(A) states: "Before a second or successive application [under
4  section 2254] permitted by this section is filed in the district court, the applicant shall
5  move in the appropriate court of appeals for an order authorizing the district court to
6  consider the application."

7  Petitioner made application to the Court of Appeals for a second application
8  under section 2254 pursuant to 28 U.S.C. §2244. The Court of Appeals stated, "[t]he
9  application for authorization to file a second or successive 28 U.S.C. § 2254 habeas
10 corpus petition in the district court is denied." (ECF No. 53). Without authorization
11 from the Court of Appeals, the district court is without jurisdiction to entertain a second
12 habeas application. *See Burton v. Stewart*, 549 U.S. 147, 153 (2007).

13 IT IS HEREBY ORDERED that the (1) motion to grant Petition for Writ of
14 Habeas Corpus under 28 U.S.C. § 2254 (ECF No. 44) is denied; (2) motion for order
15 of release (ECF No. 46) is denied; (3) motion ordering the Department of Corrections
16 to transport to the District Court (ECF No. 48) is denied; and (4) motion granting Writ
17 of Habeas Corpus (ECF No. 50) is denied.

18 DATED: December 3, 2013

**WILLIAM Q. HAYES**
United States District Judge